Okay, our next case is number 172231, Boss v. DHS. Mr. Baranek? Yes, Your Honor. Good morning. May it please the court, my name is Michael Baranek on behalf of the appellate Leonard Boss, in his appeal of Arbitrator McDowell's decision mitigating appellate's 15-day suspension to a 10-day suspension. As the court knows, this case is about constitutional due process. There really is only one issue in this appeal, whether the arbitrator failed in addressing appellate's constitutional due process argument in favor of just addressing the contractual due process argument. As the court knows, under laudamode essential element of due process, that the employee be on notice of not only the charges against him, but an explanation of the employer's evidence against him. Can I ask a question, because your appendix sites don't seem quite right, so I want to make sure I've got the facts correct here. So these three documents are all part of the same manual, is that right? No, Your Honor, there's three different documents. All right. There's two that are legacy INS documents from Department of Justice, and there's one document that's from the Customs Service or the legacy Customs Service that was Department of Treasury at the time. Okay, so they all talk about sort of what the standards are, correct? They talk about that agency, the legacy agency's interpretations of the AUL rules that were in place at the time. Back in one from 1975, one from 1997, all of them predate the creation of CBP. But there's nothing in there that actually mentions Mr. Boss or talks about his behavior They're simply just background material relating to the standards, right? They're materials regarding each of those agencies, the legacy agency's interpretations of the AUL rules, nothing specific to Mr. Boss, correct. And you didn't argue, as I understand it, that those documents relate to anything other than Charge 1, is that right? Correct. But your argument is that even if the arbitrator found a constitutional violation of his due process rights, then the arbitrator or the board was required to set aside the discipline in its entirety in order for a constitutionally correct due process procedure to be in place. So you're agreeing that these three documents are not new and material evidence with respect to the other two charges? Correct, not in relation to the other two charges, but definitely new and material. So why can't we consider it on a charge-by-charge basis? What case says that if it's not new and material evidence with respect to a charge, the fact that there was another charge as to which it was new and material means that you have to have a new rule or a new procedure? I don't believe this Court nor the Supreme Court has sanctioned such an approach where you look at due process on a charge-by-charge basis. Do you have any law that you can rely on for analogous areas of the law for that position? For example, in criminal context where there might be multiple different charges and there's a due process violation on one but not others, would that require a retrial on all charges? I do not know, Your Honor. I focus on the employment aspect as far as the Board case law and this Court's case law as far as the constitutional due process violation. The way I understand it, our Court hasn't addressed this issue and nor has the Supreme Court, so looking to analogous areas of the law might be helpful. But you haven't looked at any other areas of the law? No, I was focused on this Court's case law, which I believe mandates, reversal mandates the arbitrator at least assessing the constitutional due process violation before coming to the Court. So I believe the arbitrator was required to at least address the constitutional due process violation, which he didn't. He focused strictly on the contractual due process violation. When you look at charges two and three, you don't argue that the Douglas factors were inappropriately applied, assuming the validity of those charges, do you? No, correct, Your Honor. The arbitrator, once he dismissed charge one, he was left with charges two and three, and under the Court's case law, the arbitrator was entitled to do his own Douglas factor analysis on those remaining two charges, which is what he did. Is there anything in the record about how the decision maker came to have these three manuals? It was unclear from the cross-examination. It sounded like he was provided with the documents as part of the packet of information that was provided to him. If you look at Appendix 878, it appears that he was provided that information as a part of the packet of information that was provided to him, as opposed to the packet that was given to the appellant. How is it in ex parte communication? I don't think there should be a distinction between an ex parte verbal communication as opposed to somebody providing the documents to the decision maker. The information is still provided to the decision maker that wasn't given to the appellant in this case. I don't believe that it requires that there be some type of verbal communication as opposed to any type of documentary communication. What if a decision maker is sitting in their office and there's an employee manual sitting on their shelf? Are they allowed to look at the employee manual, or do they have an obligation to say, well, I looked at the employee manual that governs this conduct, and so I therefore have to tell the employee that this very thing that might be available to the employee is something I'm looking at? I believe the deciding official does have that obligation, and in my practice it happens routinely where a deciding official reviews other material, either prior to or after the oral reply, and we receive notice of that. The deciding official says, I'm also considering this information, and gives us the opportunity. Is it usually information that relates to factual background as it relates to the employee, or are you talking about information that simply says this is what the employee manual provides, for instance? I've had it in both contexts. One where the deciding official goes out and does additional investigation, where he talks to other people. Other cases where he or she reviews other agency policies and said, I'm also going to rely on this agency policy or that agency policy, and gives us the opportunity to address that additional information. How is this prejudicial at all to Mr. Gross, for the decision maker to look at manuals that explained interpretations of the policies that were violated or alleged to have been violated? Because in there it has various examples of what is AUO qualifying and what is not AUO qualifying activity, and that information Mr. Boss could have pointed to and said, what I was doing falls under one of these other categories. I should have been allowed to claim the AUO for that time period. But he could have looked at these manuals as well and made that kind of an argument. Again, these manuals weren't specific to Mr. Boss' behavior in terms of claim that they're prejudicial, like the kind of thing you'd see in Stone or in Sullivan. No, but Mr. Boss would have no idea that the deciding official would give that information any type of weight, because none of those documents were in effect as far as CBP was concerned. One was a 1975 document from INS, one I believe was a 1997 document from the Customs Service that did not apply to CBP. So Mr. Boss would have no idea that the deciding official is even going to consider or would consider that type of information. Otherwise, Mr. Boss could have went to other agencies and tracked down documents from other agencies that don't apply to CBP, but asked the deciding official to consider that information. What Stone suggests is that the information has to be the kind of information that would prejudice the deciding official. I'm confused as to how this information is prejudicial even as to Charge 1. I mean, I'm not sure that it was correct to say that there was a Stone violation as to Charge 1. And that's what goes back to the arbitrator should, under the Court's jurisprudence, be the one to make that initial assessment as far as whether it was new material and whether there was prejudice to Mr. Boss. That's what the Court's case law says as far as the arbitrator in the first instance makes that determination. Well, we can review it. Suppose we were to conclude that there was no Stone violation as to Charge 1. You'd lose, right, at that point? Correct. And with respect to Charge 3, you conceded Charge 3, right, conduct unbecoming? Charge 2 and 3, both of those, I believe, were based on a factual determination from the arbitrator. And you just, your only debate is whether or not the punishment, the crime. Essentially, that the arbitrator should review the constitutional due process violation. If it found a violation, you receive a new constitutionally correct procedure where all of the charges would be able to be addressed based on all of the evidence that the deciding official was going to have in front of them. Anyone want to save the rest of your time? Yes, Your Honor, thank you. Okay, thank you. Ms. Hertscher? May it please the Court. The Court should affirm the arbitrator's decision in this case because the issue of whether there was a violation of procedural due process is first an issue on which this Court exercises de novo review. And it is an issue... Does the government concede that there was a Stone violation as to Charge 1? No, we do not. There was a violation with regard to the collective bargaining agreement. That's what the arbitrator found in this case. The arbitrator implicitly rejected all of the other arguments that were made, including the argument about a constitutional violation. Well, and when you say implicitly, the arbitrator just didn't address the constitutional violation. He said, clearly there's a violation of the collective bargaining agreement, so I'll just wipe out that charge and move on. But he didn't really address whether there was a constitutional violation, did he? We would contend that it's implicit, that there doesn't have to be an explicit express part of the decision against the constitutional violation. But more than that... So our case law that says that the arbitrator has to assess the existence of a constitutional violation in the first instance means that they just don't have to say anything? No, that's not what we're contending. The arbitrator does make the decision in the first instance on issues that are presented. But in this case, it is the burden to obtain a reversal on appeal. It is the burden of the employee to demonstrate, first of all, that there is evidence in the record that could support a determination of a constitutional violation. And what this court needs to ask is, where is that evidence in this record? Well, does the government contend that there was not a constitutional violation with respect to charge one? Yes, that is exactly our argument, that there was no constitutional violation at all. That is what we are contending. But first, let me just understand your point, though, here. So are you saying, hypothetically, what if these documents related specifically to other activities of Mr. Voss? So there were kinds of things that fall squarely within stone, okay? This is part of the hypothetical. And they spilled over, or at least arguably spilled over, to all the other charges. Then you're saying that the arbitrator didn't have an obligation to assess it, and we're supposed to assess it in the first instance? We have argued in the alternative. First of all, our first argument is that there is no constitutional violation with regard to charge one or any of the charges or with regard to the penalty. Because, importantly, the nature of the documents, as this court has recognized, these are just simply reference documents. Only two of the documents were introduced at trial. The third is totally irrelevant, was never introduced into evidence. The two documents, the first one is the 1997 training guide. That's in the appendix at pages 149 to 217. The second document is the three-page custom directive, which is in the appendix at pages 1227 to 1230. As the deciding official testified with regard to the training guide, it was a reference material. He said that this is the document that, I'm paraphrasing now, his actual testimony is at page 877. He said this is the document that most chiefs utilized. Everybody refers to it. When something is discussed about AUO, we go to this document. It's a reference document. That's actually the third document, right? Because the second one's not in the record, as far as I can tell. I'm not quite sure how you're numbering the documents, Your Honor. One of the three is not in the record. One of the documents is not in the record. It's a three-page excerpt, right? Excuse me? It is a three-page excerpt. The document that's not in the record is a three-page excerpt, is that correct? Yes, it's a three-page document. How are we supposed to assess that when it's not in the record? It's the employee's burden to adduce evidence that would demonstrate a due process violation, evidence that could support a finding of a due process violation. Mr. Boss never introduced that document into the record, so it's not before the court. It becomes irrelevant. Let me ask you, I was thinking about this, and I was thinking, well, we've got this document, we've got the arbitrator saying that this document, which we don't have a copy of, doesn't relate to the first charge. So that concerned me a little bit, but I heard Mr. Boss' counsel say today that they agree that none of the documents relate to the first charge. So does that resolve the issue, you think? As I understand it, the arbitrator found, in his opinion, that the documents relate only to charge one, and there's no dispute. There's no dispute here. They're not challenging that factual finding for lack of substantial evidence. The only issue before the court is whether there is evidence in the record that could support the finding of a violation of Mr. Boss' right to procedural due process. It's our contention that there is no such evidence in the record, and therefore it doesn't warrant a remand. Why do we not remand back for the arbitrator to make that termination the first instance since the arbitrator did not expressly address this issue? Because, first of all, it's an issue upon which this court exercises de novo review. Secondly, because it's the burden of the employee to put the evidence in the record and then be able to present to this court to demonstrate, based on the record, that there could have been a finding of a due process violation. And that has not been done in this case. But you're also arguing, aren't you, that even if there was a due process violation with respect to charge one, it didn't infect charges two and three? Even with respect to charge one. As we pointed out, these... No, no, but is my statement correct? That the government argues that even if there were a due process violation with respect to charge one, it doesn't infect charges two and three? The government argued below, before the arbitrator, that there was no constitutional violation. Wait, why is this a hard question? Excuse me? Why is this a hard question? It's on the last page of your brief. You have an alternative argument where you say, even if there were a due process violation on charge one, there isn't a due process violation on charges two and three. Is that correct? It's your alternative argument? That's the alternative argument. But the Court, as I'm pointing out, doesn't need to get there. Because there isn't evidence... Why are you running away from that argument? You don't like the argument? No, I mean, it is an argument we made in the alternative. But I think the easiest... Do you believe this? Is it correct? Certainly we believe it's correct. And this Court, but as I think has already been pointed out, it's an issue the Court has never addressed. And therefore, we think it's easier just to simply look at the record, and the record doesn't contain evidence that would support a constitutional violation, even with regard to charge one and even with regard to the penalty. Specifically... Do you know what happens in the criminal context where there is a constitutional violation because the prosecution doesn't turn over exculpatory evidence and the exculpatory evidence only relates to one of the charges? Yes, with regard to the criminal context. In the criminal context, there are often separate criminal counts. And what happens in the criminal context is it's analyzed in terms of whether there is a constitutional violation that results in a harmful error. And if there is a harmful constitutional error with regard to, say, count A, count A, on which you were found guilty, is vacated. That part of the judgment is vacated. If there is no constitutional harmful error with regard to count B and you were found guilty by the jury, that remains in place. And the case is then remanded to the district court for appropriate... Yeah, that's a bit of an overstatement because you have to do an assessment as to whether it infects the jury's assessment of the other counts. Yes, that's where there are separate counts. But even when there are separate counts, a constitutional violation as to one can infect the jury's consideration as to the other, depending on what the constitutional violation is. Sometimes you can separate it out. Sometimes you cannot. I think that's fair. I think that's certainly fair. Well, what happens particularly in the context of exculpatory evidence? Let's say that there are two charges. One, a theft taking place on January 20th and a theft taking place on February 1st. And the prosecution withholds exculpatory evidence that the defendant has an alibi on February 1st. Does only the February 1st charge get set aside or also the January 20th charge? If there's only harmful error with regard to charge A and no harmful error with regard to charge B, two separate charges, then only... Maybe you don't know the answer to my question, but I don't think a general answer suffices. Do you know what happens in that circumstance? I can provide a citation with regard to what I'm saying about that if there are two separate charges, charge A and charge B, and guilty verdicts separate... But as Judge O'Malley points out, in a general manner, the question is whether it carries over or whether it affects the other charge. And I'm asking a specific question in a context which seems perhaps somewhat similar to this about withholding exculpatory evidence. Maybe you don't know the answer. No, I don't have anything specific to the court's hypothetical. I do have citations for what I've stated. But with regard to the issue of what's in the record here... Can you provide those citations for what you've stated? You said you have citations... Yeah, but I don't have it with me. I can provide it to the court. I'm sorry, it's a criminal case about harmful error and separate charges. Which I found last night. I should have brought it. I apologize. While you're at it, why don't you provide the answer to my question as to what happens in the exculpatory evidence context? No, I don't have that. No, you don't have it. I'm asking you to provide it... Yes, Your Honour.  Yes, Your Honour. Excuse me, but with regard to the issue, the direct issue of whether there's evidence in the record that could support a finding that... of a due process violation under this court's decision in the Stone case. As was pointed out, there's not an ex parte communication here. But also, there's not evidence in the record that would support the other two prongs of the Stone test. Firstly, as we pointed out in our brief, there has to be new and material evidence, and that is looked at in the context of all of the evidence that was provided to the employee. In this case, the employee was given the... Mr Boss was given the full investigatory reports. Those reports included the November 10, 2010, AUO policy. That's the policy that was alleged to be violated in Charge 1. And what that policy said is that AUO hours unrelated to processing suspects or not ordered by the supervisor must be worked in the field except for 15 minutes, which was allowed for completion of administrative duties. That policy was contained in an email. Mr Boss admitted that he knew of the policy and that it was also given him a copy of the policy. So there is nothing in these... If the court looks at the two documents at issue, there's nothing in the two documents that could constitute new and material evidence. There's nothing that's... There's nothing that's probative of whether Mr Boss committed the misconduct alleged in Charge 1. There's nothing in the documents that makes it more likely than not that he committed the misconduct in Charge 1. There's also nothing in the documents that bears on penalties or discipline or whether there should be any penalty at all in this circumstance. There are also... These documents don't meet the part of the Stone test which asks whether the document or the communication is of a type likely to cause prejudice. These are just merely reference documents. They're not documents that would... As I said, they're not probative of whether Mr Boss committed the misconduct alleged in Charge 1 and they're not probative of any... whether there should be discipline at all. Okay, thank you, Ms. Kirshner.  Mr. Bernoff. Just briefly, Your Honors. I wanted to address the 2010, quote, AUO policy, close quotes that my colleague on the other side was talking about. The policy that counsel was talking about is an email message from a single patrol agent in charge to that station. It's not an agency policy. It was the patrol agent in charge interpretation of AUO. Why don't you introduce the three-page document with what the arbitrator lists as number two into the arbitration proceeding? I don't recall why that was not admitted. The other two documents seem to be more comprehensive than the three-page document that wasn't included. As far as the documents that were included, at appendix page 153 and 154, I believe those documents would be exculpatory in nature towards Charge 1 because at pages 153 and 154 it talks about the employee decides when to continue AUO as opposed to the email message that counsel just referenced as far as being the agency policy at issue in this case. So I believe there certainly would be a constitutional due process issue for the arbitrator to address, and we would ask that the court remand it to the arbitrator for the arbitrator to address in the first instance. I know the court has a full docket today. If there's no more questions, we would submit. Okay. Thank you. Thank you, Your Honor. Thank both counsel and the cases submitted.